## JAMES U. ADAMS *vs.* JOHN KLECKLEY. ·

The Sheriff is the proper officer to make sales ordered by the Court, though, if the Court sees fit, it may appoint the Clerk, or some one else, to make a sale.

BEFORE BOOZER, J., AT CHAMBERS, COLUMBIA, MAY, 1869.

This was a bill to foreclose a mortgage of real estate. On March 2, 1869, a decree of foreclosure was made, and the Clerk of the Court was ordered to sell the mortgaged premises on the first Monday in April. On that day he offered them for sale, and they were bid off by James Windsor, who refused to comply with the terms of sale, and this was a rule against him to show cause why he should not be attached for contempt.

He made return to the rule, and submitted for cause that the Sheriff was the proper officer to make sales ordered by the Court; that the Clerk could not be appointed for that purpose; and that a conveyance made by him would be ineffectual to pass the title to the property.

His Honor held that the Clerk was the proper officer to make sales under decrees on the equity side of the Court, and he made the rule absolute.

James Windsor appealed, and now moved this Court to reverse the order making the rule absolute, on the ground :

1. That the Sheriff, and not the Clerk, is the proper officer to make sales of real estate under decrees for foreclosure.

2. That, although the Judge may, in his discretion, upon suffi-

cient cause shown, designate some other person to make a sale, yet no such discretion was exercised in this case, for the Judge acted under the misapprehension that the Clerk alone was authorized, by virtue of his office, to make such sales.

*Carroll, Melton & Melton,* for appellant.

*Fickling & Pope,* contra.

August 20, 1869. The opinion of the Court was delivered by

Moses, C. J. The judgment we are about to pronounce in this case is not to be regarded as affecting the decision made in *Padgett and Corley* ads. *Meetze,* (Ante., p. 127,) at the present term. As there ruled, it is in the discretion of the Circuit Judge, for reasons satisfactory to him, to nominate any fit and proper person as the agent of the Court, to make a sale ordered by it. Without, however, some cause sufficient, in his view, to induce a different course, it is more consistent and conformable with the regular routine of the business of the Court to order the conduct of its sales by its own officer. The question now before us is, whether the Clerk or the Sheriff is the proper officer to make sales directed by the Circuit Court. We meet the proposition as a general one, not confining our inquiry only to a sale of land decreed under a foreclosure of mortgage. By the Constitution of 1868, (Section 16, Article IV, page 15,) the Court of Common Pleas was invested with jurisdiction in all matters of equity, but the Courts heretofore establised for that purpose were to continue, as then organized, until the 1st day of January, 1869, for the disposition of causes therein pending, unless otherwise provided by law. By Section 1st of the same Article, the judicial power of the State was vested in a Supreme Court and in two Circuit Courts, to wit: a Court of Common Pleas, with civil jurisdiction, and a Court of General Sessions, with criminal jurisdiction only. The 27th Section of the same Article provides for the election of a Clerk of the Court of Common Pleas, and the 30th for that of a Sheriff of each County. The Act of 20th August, 1868, (No. 6, page 10,) entitled "An Act to organize the Circuit Courts," transfers all pending "suits in Equity to the Courts of Common Pleas, in and for their respective Counties, to be entered on the dockets of the said Courts, and to be heard and determined as if originally brought there," with a proviso, " that all causes pending as aforesaid, cognizable under the Constitution in the Courts of

Probate, shall be transferred to the said Courts." We have thus comprised all that the Constitution and the Acts since adopted contain bearing on the point before us. Commissioners of the Court of Equity were first appointed for the several Districts by the Act of 1791, (7 Statutes at Large, 258) "to establish a Court of Equity in the State," with certain enumerated duties, followed by a general power, to do and perform all other matters and things which are usually done, either by the Master or Register of said Court, previous to the hearing of any cause." The same Act, as well as that of 1839, (11 Statutes at Large, 110,) directed that they were to make all sales under the decree or order of the said Court. This last Act required of them the performance of all services provided by law in relation to Registers in Equity. Their powers were enlarged, from time to time, and judicial authority was added to their ministerial functions.

No provision has been made by the Constitution, or the laws since enacted, in regard to the sales ordered by the Circuit Court of Common Pleas in its exercise of equity jurisdiction. The Clerk and the Sheriff are both officers of the said Court, and to determine upon which of these devolves the right and duty to make its sales, we must be governed by the existing statutes in reference to these officers, and the analogy which may exist between the powers respectively conferred upon them. The sale under an order of a Circuit Judge, made in a matter of equity jurisdiction, is not by the direction of a Court of Equity, but by that of a Court of Common Pleas. When the Judge below, therefore, says "that a Sheriff has never been employed to make judicial sales for a Court of Equity," he overlooks the fact "that the Courts heretofore established" for the administration of equity no longer exist, and their jurisdiction has been transferred to the Court of Common Pleas. Upon this transfer followed the entire abolition of all the offices and machinery incident and attached to them, except so far as retained by the existing law. We are not prepared to concur with the Judge in affirming "that the ministerial duties of the Commissioner have been wholly assigned to the Clerk of the Court of Common Pleas, who is also Clerk of the Court of Equity." Where or how has such assignment been made? It is not to be questioned that the duties which formerly pertained to the Register are to be performed by the Clerk of the Court, for they are necessarily incident to his office, and follow, from the very constitution of it; but the ministerial duties of the Commissioner have not, by direct en-

actment, been transferred to him, nor are they required for the full and proper discharge of his office as Clerk of the Common Pleas. The office of Commissioner being abolished, and the offices of Clerk and Sheriff retained, we are led to an examination of the statutes as they stand in regard to these, so as to conclude which, by right, is entitled to make sales ordered by the Circuit Court.

The Sheriff is the executive officer of the Court. From the earliest legislation, all sales ordered by the Court of Law were made by him. The Act of 1839, (11 Statutes at Large, 28,) to go no farther back, requires "the Sheriff to serve, execute and return every process, rule, order or notice issued by any Court of Record in the State, or by other competent authority." The same Act (p. 27) requires him ".to keep a sale book, in which he shall enter all sales which he may make under any order, decree, execution or final process of any Court in this State." Is any such obligation. imposed on the Clerk? May it not admit of doubt when he makes a sale, under the order of the Court, that it is *virtute officii*, and in the event of a liability for neglect or malfeasance, a resort for indemnity could be had to his official bond? In the determination of the question, some force may be derived from the practice and procedure before the new Constitution was adopted, in cases where the Court of Law exercised the functions of the Court of Equity.

Partition and foreclosure of mortgages are properly of equity jurisdiction. By the Act of 1791, (5 Statutes at Large, 163,) parties entitled to a distributive share of any estate, real or personal, may apply to the Court. of Law for a writ of partition. If a sale becomes necessary, the Sheriff (and not the Clerk) has been the officer to make it. Here is the exercise by the Court of Law of equity jurisdiction.—*Smith* vs. *Smith*, 1 Bailey, 70.

By another Act, passed in the same year, the Court of Law could, in certain cases, order the foreclosure of a mortgage of real estate; and when, under proceedings therefor, a sale has been directed, the Sheriff has always been the officer charged with the duty.—Forty-third Rule of Court; *Trescott & Inglesby* vs. *McLaughlin*, 4 McC., 264. It would not comport with the symmetry which should prevail in the forms and practice of the same Court that, on an application, under the said Act of 1791, a sale should be required to be made by the Sheriff, and at the very next moment, on a bill for foreclosure, it should. be required to be made by the Clerk. The whole purview of the Constitution seems to look to the adoption of the same forms of practice in the administration of law and

equity by the Circuit Courts, for the fifth Article directs, "that justice may be administered in a uniform mode of pleading, without distinction between law and equity, they (the General Assembly) ·shall provide for abolishing the distinct forms of action, and for that purpose," &c.

In the United States Courts, where equity and law are adminis- ·tered by the same Judge, the practice in relation to sales is in con- ·formity with the conclusion to which we have arrived. There the ·Marshal, the executive officer of the Court, is always the agent ·through which they are made.

We have taken a more extensive view of the subject than the particular case probably required. This course has been pursued because the counsel on both sides deemed a judgment of this Court desirable, on one of the grounds taken, that the practice of the Circuit Courts in regard to sales might be uniform. We are ·obliged, however, to affirm the judgment of the Court below, for it had the right to designate any fit and proper person to make ·the sale, and, therefore, might appoint the Clerk, as well as any other, on cause satisfactory to it.

Our judgment is, that where the Court intends the sale to be made by the *proper officer*, the Sheriff, and not the Clerk, is such officer. The judgment, however, of the Circuit Court in this case is affirmed, for the reasons stated.

*Willard*, A. J., concurred.